United States District Court
Middle District of Florida
Jacksonville Division

**MARY SMART-KENDRICK,**

    *Plaintiff,*

v.                              NO. 3:21-cv-168-TJC-PDB

**GEOVERA SPECIALTY INSURANCE COMPANY,**

    *Defendant,*

---

## Order

The defendant moves the Court to compel the plaintiff to permit entry into and inspection of the plaintiff's property by the defendant's representatives. Doc. 15. As permitted by Local Rule 3.01(c), because the plaintiff failed to respond, the Court considers the motion unopposed.

Under Federal Rule of Civil Procedure 34, a party may "serve on any other party a request within the scope of Rule 26(b) … to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). The request must "describe with reasonable particularity each item or category of items to be inspected" and "specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(A)–(B).

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 37(a)(3)(B)(iv) provides that if a party fails to provide a document requested under Rule 34, the requesting party may move for an order compelling production. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

This case involves an insurance coverage dispute over damage to property insured by the defendant. The defendant wants to inspect the property. Doc. 3 ¶ 4; Doc. 15 at 1. The request is within the scope of Rule 26(b) because the defendant disputes that the insurance policy covers the damage sustained by the property. *See generally* Doc. 5.

The Court **grants** the motion. Doc. 15. The plaintiff must permit inspection of the property (6634 Gillislee Drive West, Jacksonville, FL 32209) on **January 4, 2021**, by the defendant's representatives. SDII Global representatives may assist in the inspection. The parties may agree on a different date without need for a Court order.

By **December 14, 2021**, the plaintiff must show cause why the Court should not require her to pay the defendant its reasonable expenses incurred in filing the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).

**Ordered** in Jacksonville, Florida, on December 6, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*